## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBIN GREENE,

      Plaintiff,                      CASE NO.

        v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

      Defendant.

_____/

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ROBIN GREENE ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person who resides in Hudson, Pasco County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3)

6.    Plaintiff is informed, believes, and thereon alleges, that Defendant is a limited liability company located in Norfolk, Virginia.

7.    Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C 1692a(5)*.

8.    Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.    Defendant is a debt collector as that term is defined by *15 U.S.C 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    Beginning in September of 2010, Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12.    Defendant called on an almost daily basis, multiple times per day, through February of 2011.

13.     Defendant regularly contacted Plaintiff six (6) times per day.

14.     Defendant contacted Plaintiff up to ten (10) times in a single day.

15.     Defendant threatened to take Plaintiff's disability check if she did not make immediate payment.

16.     Defendant called Plaintiff from multiple phone numbers including: (626) 209-2241; (678) 265-1568; (702) 410-7069; (847) 994-2540; (800) 772-1413; (858) 346-1184; and (510) 355-1780.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

14.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result was the abuse and harassment of the Plaintiff;

   b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

   c) Defendant violated *§1692e(4)* of the FDCPA by representing and/or implying that nonpayment of the debt would result in the seizure, garnishment or attachment of Plaintiff's disability check; and

   d) Defendant violated *§1692e(10)* of the FDCPA using false representation or deceptive means to collect or attempt to collect the alleged debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

15.     Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

VERIFIED COMPLAINT                    3

16.    Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

17.    Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone:  (323) 988-2400 x 230
Fax:    (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBIN GREENE hereby demands trial by jury
in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, ROBIN GREENE, says as follows:

1.   I am a Plaintiff in this civil proceeding.

2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.


Pursuant to 28 U.S.C. § 1746(2), I, ROBIN GREENE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.


Dated: 3-16-11                          ROBIN GREENE,
                                        Plaintiff


VERIFIED COMPLAINT                                          5